IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EILEEN MALONEY, et al.,            )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )   No. 17 C 1355
                                   )
POTESTIVO & ASSOCIATES PC, et al., )
                                   )
        Defendants.                )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Potestivo & Associates, PC's (Potestivo) motion to dismiss and on Defendant RBS Citizen Bank NA, successor to Charter One Bank, F.S.B.'s (RBS) motion to dismiss. For the reasons stated below, the motions to dismiss are granted.

## BACKGROUND

Plaintiff Eileen and Lawrence T. Maloney allegedly owed a home in Park Ridge, Illinois. In 2001, Plaintiffs allegedly defaulted on their Home Equity Line of Credit (HELOC), which was issued by Charter One Bank, F.S.B. (Charter). In 2012, RBS, a successor to Charter, allegedly filed a mortgage foreclosure action (RBS Foreclosure Action) against Plaintiffs in state court, and in 2013, state court entered a

judgment of foreclosure against Plaintiffs.  In July 2014, RBS allegedly sent Plaintiffs a solicitation letter outlining a proposed loan modification (Proposal Form).  On the Proposal Form, Plaintiffs were instructed to sign and return the Proposal Form and then an Acceptance of the Proposed Modification Form (Modification Agreement) would be mailed to them.  The Proposal Form also allegedly informed Plaintiffs that the HELOC would only be modified when RBS received the executed Modification Agreement.  On August 25, 2014, after receiving the signed Proposal Form, RBS allegedly sent Plaintiffs a Modification Form, informing Plaintiffs that they needed to return a signed Modification form within 14 days.  Plaintiffs allegedly failed to return the form and on November 6, 2014, RBS allegedly again sent a Modification Form to Plaintiffs again informing them that they needed to return a signed Modification form within 14 days.  Plaintiffs allegedly never returned a signed Modification Form to RBS.

On March 20, 2015, Federal National Mortgage Association filed a separate foreclosure action (FM Foreclosure Action) against Plaintiffs in state court.  In May 2015, in the RBS Foreclosure Action, RBS allegedly conducted a foreclosure sale, and the sale was confirmed and an order of possession for RBS was entered in November 2015.  In December 2015, the parties agreed to vacate the foreclosure sale and RBS agreed to dismiss the RBS Foreclosure Action due to the FM Foreclosure Action.

Plaintiffs filed an action in state court and Defendants removed the instant action to federal court.  Plaintiffs include in their complaint claims alleging

2

violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* brought against Potestivo (Counts I and III), and claims alleging violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 *et seq.* brought against RBS (Counts II and IV). The court notes that although Plaintiffs have designated certain claims as "class claims," this court has not certified a class in this action and there is no plaintiff class in this case. Defendants now move to dismiss all claims. The court also notes that although Plaintiffs reference their last name as "Mahoney" throughout their filings, the correct spelling of their last name is "Maloney."

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007));

*see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. Evidence Outside of Complaint

RBS argues that the court can consider evidence outside of the complaint for the purposes of adjudicating the instant motion. Although a court when ruling on a Rule 12(b)(6) motion is limited to a consideration of the pleadings, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 975 (7th Cir. 2013)(internal quotations omitted)(quoting *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)). A court may also take judicial notice of public records when ruling on a Rule 12(b)(6) motion. *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017)(stating that "[c]ourts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be

questioned"). RBS has shown that the court in ruling on the instant motion may consider documents such as the Proposal Form, the Modification Agreement and various court filings and orders.

II. FDCPA Claims (Counts I and II)

Potestivo moves to dismiss the FDCPA claims. Plaintiffs' allegations as to how Potestivo allegedly violated the FDCPA are extremely vague and fail to provide Potestivo with sufficient notice of the FDCPA claims. Plaintiffs appear to indicate that Potestivo violated the FDCPA by pursuing the RBS Foreclosure Action after Plaintiffs claim to have modified the HELOC. (Compl. Par. 29). However, there are no allegations that Plaintiffs ever returned a signed Modification Form that would have modified the HELOC. In addition, the latest alleged wrongful conduct by Potestivo was in May 2015, and thus the filing of the complaint in October 2016 was untimely. *See Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 865 (7th Cir. 2016)(indicating that there is a one-year statute of limitations for FDCPA claims); (Compl. Par. 16). Plaintiffs argue in response to the instant motion that there was improper conduct by Potestivo in November 2015, when Potestivo sought an order of possession and eviction. However, the public record reflects that Potestivo's affirmative action of filing the Motion for Order Approving Report of Sale and Distribution and Possession occurred in August 2015. (DE 22-1). The mere fact that the court in the RBS Foreclosure Action may have granted the motion later did not restart the limitations period. Thus, the FDCPA claims are also untimely.

5

Plaintiffs now claim that Potestivo's pursuit of an order of possession and eviction after the dismissal of the action violated the FDCPA, but that is different than what is alleged in the complaint. In the complaint, Plaintiffs allege that Potestivo violated the FDCPA by taking actions "despite having obtained a signed Modification." (Compl. Par. 29). Plaintiffs cannot amend their complaint in their response to the instant motions. Thus, the FDCPA claims are untimely. Nor have Plaintiffs shown that any equitable tolling doctrines would be applicable in the instant action. Therefore, the motion to dismiss the FDCPA claims is granted.

III. RESPA Claims (Counts II and IV)

RBS moves to dismiss the RESPA claims. Plaintiffs allege in the complaint that RBS violated the "'loss mitigation procedures' as described in 12 CFR 1024.41." (Compl. Par. 12). RBS is correct that Plaintiffs have failed to specify what provision of 12 C.F.R. § 1024.41 (Section 1024.41) was violated. Nor did Plaintiffs provide clarification on that point in their response to the instant motion. Plaintiffs have thus failed to provide RBS with sufficient notice of the RESPA claim brought against them. In addition, the record reflects that the judgment of foreclosure was entered in the RBS Foreclosure Action in February 2013, before Section 1024.41 became effective on January 10, 2014. Nor are there any allegations that Plaintiffs returned the signed Modification Form, which would have modified the HELOC. Nor have Plaintiffs alleged facts that would suggest they suffered actual damages or that there was a pattern or practice of non-compliance with

6

RESPA that could support a RESPA claim. Therefore, RBS's motion to dismiss the RESPA claims is granted.

The court notes that Plaintiffs fail in their response to the instant motion to respond to the majority of RBS's arguments, and instead in their response request 60 days to conduct discovery or allow them to dismiss RBS with leave to reinstate RBS. Plaintiffs have not explained why they could not have presented sufficient facts to meet the minimal federal pleading standard, and discovery is not necessary in order to present proper allegations in a complaint. Nor have Plaintiffs filed a proper formal motion for leave to file an amended complaint or attached a proposed amended complaint to any of their filings. Plaintiffs chose to bring the instant action and having failed to plead a proper claim against RBS are not entitled to engage in a fishing expedition in discovery. Plaintiffs also chose to oppose the instant motion, instead of seeking a voluntary dismissal in this case.

## CONCLUSION

Based on the foregoing analysis, Defendants' motions to dismiss are granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 17, 2017